**Thomas M. BROWN, Movant,**

v.

**COMMONWEALTH of Kentucky, Respondent.**

Supreme Court of Kentucky.

June 15, 1983.

Rehearing Denied Oct. 12, 1983.

Frank E. Haddad, Jr., Louisville, for Movant.

Steven L. Beshear, Atty. Gen., Paul E. Reilender, Jr., Asst. Atty. Gen., Frankfort, for respondent.

### OPINION OF THE COURT

Thomas M. Brown was convicted by a jury in Jefferson Circuit Court of theft by deception of property valued over $100 (KRS 514.040), and was sentenced to two years' imprisonment. The Court of Appeals affirmed the judgment of the Jefferson Circuit Court. Discretionary review was granted and an opinion from this court was rendered on December 14, 1982. In reaching that opinion, this court overlooked a material fact. The December 14, 1982, decision is withdrawn and this opinion is substituted therefor.

In December, 1978, state and local law enforcement officials initiated an undercover operation to investigate automobile transmission shops in Jefferson County which were allegedly making unnecessary repairs on cars. In February, 1979, a 1968 Ford LTD was taken to a Kentucky State Police garage where the chief mechanic removed the transmission, disassembled and inspected its parts to insure they were in working order, marked the parts for later identification and reassembled the transmission. After driving the car to make sure it was working properly, the mechanic made a malfunction adjustment to the transmission by turning the band adjustment screw backwards three turns, causing

the transmission to slip. To correct the problem, one needed only to turn the screw the opposite way three times, without disassembling or removing the transmission.

The car was then towed to Powers Transmission Shop where Thomas Brown worked as a manager. Detective Davis, posing as the owner of the car, was told by Brown that the transmission bands were broken due to overtightening and the entire transmission would have to be disassembled prior to knowing the extent of the damages. The next day, Brown told Detective Davis that his inspection revealed it would cost $372.82 to repair the transmission or it could be replaced for $415.00. Davis authorized the repair job only.

Four days later, Brown received $372.82 from Detective Davis for the alleged repairs. The car was then taken back to the Kentucky State Police garage where the transmission was thoroughly re-examined by the chief mechanic. It was at this juncture that the mechanic discovered the transmission had been replaced, not repaired as represented, and relayed the information to Davis.

Movant assigns several errors, only one of which has merit. That is the argument that the movant was entitled to a directed verdict, as the Commonwealth failed to prove an essential element in the offense of theft by deception, i.e., reliance by the detective upon the misrepresentation of the movant.

■ The statute in question, KRS 514.-040, in pertinent part, states:

(1) A person is guilty of theft by deception when he obtains property of another by deception with intent to deprive him thereof. A person deceives when he intentionally; (a) creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind.

The former statute covering the offense herein was KRS 434.050. This statute was also silent on the question of the necessity of victim's reliance on the false impression, but this court, in *Rowland v. Commonwealth*, Ky., 355 S.W.2d 292 (1962), held that reliance was an essential part of the offense, and in our opinion it remains a necessary element under KRS 514.040.

■ However, in the instant case, the movant created two false impressions, viz., that the transmission was defective, which was not relied upon by the detective, and that he would repair the transmission, which was relied upon; and in fact a used transmission of dubious value was substituted. Because of the second misrepresentation, we affirm the conviction.

STEPHENS, C.J., and STEPHENSON and VANCE, JJ., concur. Concurring opinion by GANT, J.

LEIBSON and WINTERSHEIMER, JJ., join in the concurring opinion.

AKER, J., dissents.

GANT, Justice, concurring.

I, too, would affirm the conviction herein but do not feel that reliance should remain a necessary element. The standard for conviction in a criminal case was clearly defined in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), citing *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). That standard is that no person may be convicted except upon proof beyond a reasonable doubt of every element of the offense charged. In examining KRS 514.040(1)(a) to determine every element of the offense, we find that those elements are clearly enunciated as (1) obtaining property of another, (2) by deception, and (3) with intention to deprive him thereof. There is simply no statutory requisite of reliance on the false impression, merely that the perpetrator obtained the property by false impression, with intent to deprive. At that point the offense denounced by the statute is complete, and all requisite elements were proved in the instant case. It is the state of mind of the criminal, not the victim, which the statute denounces.